The Honorable Bobby Tullis State Representative Box 277 Mineral Springs, Arkansas 71851
Dear Representative Tullis:
This is in response to your request for an opinion regarding the alteration of ward boundary lines. You note in your correspondence that the wards in question are disproportionate in number, to the extent that the vote in one may be the sole determinant of the election results. You have asked, specifically, whether this situation is unconstitutional or contrary to State law, and if so whether the election will be valid.
Act 253 of 1983, which is codified at A.C.A. 14-43-311, states in pertinent part:
 City councils in either of the first class shall have the authority to redistrict the wards in their city when they determine that the people can best be served by adding wards, combining wards; or changing ward boundary lines to equalize the population in the various wards.
It shall be the duty of the council to see that each ward has as nearly an equal population as would best serve the interest of the people of the city.
It is clear under 14-43-311 that the city council has a duty to equalize the population of the wards in a manner that will "best serve the interest of the people of the city." This is a factual determination to be made by the council, based upon the particular circumstances.
We cannot conclusively state that a disproportionate number of voters in one ward will necessarily render the election unconstitutional or contrary to State law. The extent to which the numbers are disproportionate would, reasonably, be a factor. However, the composition of the population must also be considered. The Eighth Circuit Court of Appeals in Perkins v. City of West Helena, 675 F.2d 201, 220 (8th Cir. 1982) held that an at-large system was unconstitutionally maintained for the discriminatory purpose of limiting the opportunity of blacks to participate meaningfully or effectively in the political process and to elect legislators of their choice. This exemplifies a successful election challenge based upon voter dilution of a racially suspect class. The court held that such voter dilution challenge will succeed only if the at-large electoral system was created or maintained for a discriminatory purpose. Perkins,675 F.2d at 209
The city council must review all of the relevant facts and ultimately determine whether redistricting the wards will best serve the people. The wards should be composed of as equal population as possible so that the constitutional theory of "one man — one vote" will be satisfied. The Constitution of the United States protects the rights of all qualified citizens to vote and to have their votes counted. It has uniformly been held that the "one man — one vote" rule applies to the election of city councils. Annotation, Applicability of "One Man — One Vote" Rule,18 L.Ed.2d 1537, 1538.
It should also be noted, however, that alteration of ward boundary lines within thirty (30) days of an election is contrary to State law. A.C.A. 7-5-101 states in pertinent part:
 The commissioners shall not have the power to change the boundaries of existing precincts, to create any new precincts, or to change the voting place in any precinct, within thirty (30) days of any election.
This office does not have the authority to determine the validity of an election. Elections must, instead, should be challenged in the appropriate circuit court. Perkins v. City of West Helena,675 F.2d 201 (8th Cir. 1982).
While we cannot provide conclusive responses in this instance, we hope that the foregoing offers general guidance in addressing the matter.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.